IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAGHDA A. SALAH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:16-CV-01163-NJR-SCW |
| | ) |
| WAL-MART STORES, INC., | ) |
| DONALD E. BREMER, and | ) |
| COURTNIE SPRINGMAN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter comes before the Court on the Motion to Remand filed by Plaintiff Raghda Salah (Doc. 12). For the reasons set forth below, the Motion to Remand is granted.

### BACKGROUND

On September 9, 2016, Salah filed a Complaint in St. Clair County, Illinois, alleging that she slipped and fell on a pool of liquid that had been allowed to accumulate inside a Wal-Mart store in O'Fallon, Illinois (Doc. 1-1). The three-count Complaint alleges that Defendant Wal-Mart Stores Inc., Defendant Donald E. Bremer, the manager of the store, and Defendant Courtnie Springman, the assistant manager of the store on duty at the time of the incident, negligently and carelessly allowed water to leak onto the floor, failed to warn of the hazard of water on the floor, failed to remove the water, and/or failed to inspect or observe the area where water had collected (*Id.*). Salah also

alleged that Defendants Bremer and Springman were negligent for failing to implement proper safety procedures and for failing to properly supervise Wal-Mart employees. Damages were alleged to exceed $50,000 for each count.

On October 21, 2016, Defendants timely removed the case to this district court based on diversity of citizenship between Salah, a citizen of Illinois, and Wal-Mart, a Delaware corporation with its principle place of business in Arkansas. *See* 28 U.S.C. §§ 1332(a), 1441(a). Although Defendants Bremer and Springman are citizens of Illinois, Defendants claim their citizenship is irrelevant and cannot defeat diversity jurisdiction because they were fraudulently joined. Defendants also claim the $75,000 amount in controversy requirement is likely satisfied based on the depth of injuries alleged in the Complaint, an allegation Salah does not refute.

Along with the notice of removal, Defendants filed a motion to dismiss Counts II and III (the claims against Bremer and Springman), arguing Salah failed to allege any facts establishing they owed Salah a duty such that they could be liable for her alleged injuries (Doc. 5). Attached to the motion to dismiss are sworn affidavits from Defendants Bremer and Springman (Docs. 5-1, 5-2).

According to Defendant Bremer's affidavit, he was unaware of Salah's incident until served with the Complaint, and he had no knowledge of any water on the floor that caused Salah's injury (Doc. 5-1). He also asserts that, as store manager, he is responsible for the overall operation of the store, but it is not his duty to detect and remedy conditions of which he is not aware (*Id.*). Further, while he has the "right" to supervise

employees, the day-to-day supervision of employees is delegated to assistant managers and other supervisory personnel (*Id.*).

Defendant Springman's affidavit states that she is an assistant manager of the O'Fallon Wal-Mart. Defendant Springman asserts that she had no knowledge of the water on the floor prior to Salah's incident (although she does not disclaim knowledge of the incident itself) and that it is not her duty to detect and remedy conditions of which she is not aware. Further, while she has the "right" to supervise employees, Defendant Springman avers she did not hire the associates working in the area where Salah fell, nor was she aware that any employee had failed to follow corporate policy or procedure prior to Salah's incident.

On November 28, 2016, Salah filed a motion to remand arguing that Defendants Bremer and Springman, who are residents of Illinois, were not fraudulently joined and, thus, complete diversity does not exist (Doc. 12). Defendants filed a joint response on December 22, 2016 (Doc. 15), and Salah replied on January 2, 2017 (Doc. 16).

## LEGAL STANDARD

Removal is governed by 28 U.S.C. § 1441, which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also Pooter v. Janus Inv. Fund*, 483 F. Supp. 2d 692, 694-95 (S.D.Ill. 2007). In other words, "[a] defendant may remove a case to federal court only if the federal district court would have original subject matter jurisdiction

over the action." *Kitson v. Bank of Edwardsville*, No. 06-528, 2006 WL 3392752, at *1 (S.D.Ill. Nov. 22, 2006). Under 28 U.S.C. § 1332, a federal district court has original subject matter jurisdiction over actions involving complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008). Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted).

The party seeking removal, as the proponent of federal subject matter jurisdiction, has the burden of proof as to the existence of jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *see also Anglin v. Bristol-Myers Squibb Co.*, No. 12-60, 2012 WL 1268143, at *1 (S.D.Ill. Apr. 13, 2012). "'Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.' Put another way, there is a strong presumption in favor of remand." *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D.Ill. 2007) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)); *Kalbfleisch ex rel. Kalbfleisch v. Columbia Community Unit School Dist. Unit No. 4*, 644 F. Supp. 2d 1084, 1087 (S.D.Ill. 2009). "Doubts concerning removal must be resolved in favor of remand to the state court." *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 841 (S.D.Ill. 2006).

**ANALYSIS**

The "fraudulent joinder" doctrine prohibits a plaintiff from joining a non-diverse defendant in an action simply to destroy diversity jurisdiction. *Schwartz v. State Farm*

*Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999); *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). If the removing defendant establishes fraudulent joinder, the district court considering removal may "disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 763 (7th Cir. 2009).

"To establish fraudulent joinder, a removing defendant must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013). Put differently, the defendant has the "heavy burden" of showing that the plaintiff's claim has "no chance of success" against the non-diverse defendant. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). The Court's role in evaluating allegations of fraudulent joinder is "to determine whether Plaintiff's complaint provides a reasonable basis for predicting that the plaintiff might be able to recover against an in-state defendant . . . not to ascertain the merits of [the] claim." *Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1096 (S.D.Ill. 2007). Even if a state court might ultimately find that a plaintiff has failed to state a claim against a defendant, joinder of the claim is not "fraudulent" for purposes of this court's jurisdiction so long as the issue of state law is subject to reasonable argument on both sides. *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 853 (3d Cir. 1992) (if "intricate analysis of state law" is needed to dismiss claim, the claim may not be disregarded for purposes of diversity jurisdiction).

Here, there is no dispute that Illinois law governs this action. Thus, the Court must determine whether, under Illinois law, there is a "reasonably possibility" that an Illinois court would rule against Defendants Bremer and Springman on Salah's claims of negligence.

In her Complaint, Salah alleges that Defendants Bremer and Springman negligently failed to supervise employees and to implement proper safety procedures to prevent, detect, and remediate water present on the floor of the Wal-Mart store (Doc. 1-1, p. 8). In similar slip-and-fall cases involving fraudulent joinder, district courts in this Circuit have held that Illinois law allows an employee to be found liable as the active tortfeasor who committed the act that caused the injury. *See Lambert v. Wal-Mart Stores, Inc.*, No. 14-CV-1124-DRH-SCW, 2015 WL 264817, at *2 (S.D.Ill. Jan. 20, 2015); *Wilson v. Casey's Gen. Stores, Inc.*, No. 12-939-GPM, 2013 WL 1287378, at *3 (S.D.Ill. Mar. 27, 2013) (defendant manager was not fraudulently joined where he could be found liable for negligence by an Illinois state court); *Fountain v. J.C. Penney Corp, Inc.*, No. 06–cv–680–DRH, 2007 WL 1308813 (S.D.Ill. May 3, 2007) (vacated in part on other grounds) (same); *Hauck v. ConocoPhillips Co.*, No. 06–135, 2006 WL 1596826, at *4 (S.D.Ill. June 6, 2006) (rejecting fraudulent joinder where the employer defendant entrusted responsibility for safety to the safety manager, third persons would rely on the manager to perform his duty, and the failure to perform this duty could result in physical injury); *see also Lasko v. Meier*, 67 N.E.2d 162, 166 (Ill. 1946) ("A master and servant are each liable for injuries caused solely by the negligent act of the servant in the course of his employment. The

servant is liable because he is the active tort-feasor and committed the act which caused the injury.").

In *Lambert*, another slip-and-fall case involving Wal-Mart, this district court noted that under Illinois law, "[a] person is not absolved of personal liability to a third party merely because he or she was acting as an employee within the scope of employment at the time of the incident." *Lambert*, 2015 WL 264817, at *2. Although "an agent's breach of a duty to the principal is not itself a basis for holding the agent liable in tort to a third party . . . an agent is subject to liability to a third party harmed by the agent's tortious conduct." *Id.* quoting Restatement (Third) of Agency § 7.01. "[A]n agent's individual tort liability extends to negligent acts and omissions as well as to intentional conduct." *Id.* Accordingly, the manager of the Wal-Mart store in *Lambert* could not be held liable simply for being a manager, but could be found liable for breaching an independent duty owed directly to the plaintiff. *Id.* (citing *Bovan v. Am. Family Life Ins. Co.*, 897 N.E.2d 288, 295 (Ill. 2006)). Given that the manager in that case was managing the store "close in time to plaintiff's injury," along with a subordinate's alleged knowledge of a leaking cooler and the manager's duty to remain "responsible for the overall operation of the store," the court found there was a reasonable probability that the plaintiff would prevail against the defendant on plaintiff's negligence claim. Therefore, the manager defendant was not fraudulently joined, and the case was remanded to state court. *Id.*

Defendants in this case acknowledge that Illinois law permits a store manager to be personally liable for a customer's injuries if the agent is an active tortfeasor—*i.e.*, the agent owed a duty to the customer that was independent of the duty the agent owed to

the employer. Defendants argue, however, that the Southern District of Illinois has refused to find store managers have an independent duty to customers in substantively identical slip-and-fall cases, citing *Lester-Washington v. Wal-Mart Stores, Inc.*, No. 3:11-cv-00568-MJR (S.D.Ill. Dec. 14, 2011), and *Odom-Green v. Wal-Mart Stores, Inc.*, No. 3:13-00631-DRH-PMF (S.D.Ill. Nov. 8, 2013).

In *Lester-Washington*, an affidavit established that the employee-defendant was no longer employed at the store in question when the alleged slip-and-fall occurred. *Lester-Washington,* No. 3:11-cv-00568-MJR, at *3. In that case, the court noted that, in premises liability cases, whether a duty is owed "depends primarily upon whether the defendant was in control of the premises when the accident occurred." *Id.* at *4 (citation omitted). Because the defendant no longer worked at that store, he had no control of the premises at the time of the plaintiff's injury. *Id.* Furthermore, the defendant produced evidence by way of deposition testimony indicating he had no role in developing safety policies as a store manager "and was not responsible for implementing Wal-Mart's policies *after he left his position at the store.*" *Id.* at *5 (emphasis added). The court concluded there was no reasonable probability that an Illinois court could find the defendant was an active tortfeasor with regard to the plaintiff's injury and, therefore, held he was fraudulently joined. *Id.* at *4.

In *Odom-Green*, the Complaint alleged that an employee other than the employee-defendant became aware of a slippery substance in the check-out lane and called for assistance in cleaning up the area, but then failed to put up warning cones or otherwise protect customers from falling while continuing to check out customers.

Page 8 of 10

*Odom-Green*, No. 3:13-00631-DRH-PMF, at *4. In an affidavit submitted by the defendant manager, he stated that he was not working at the time of the incident, that he had no responsibility to supervise the conduct of employees when he was not at the store, and that he did not train the employees that failed to clean up the spill on the floor. *Id.* The court concluded that the plaintiff could not state a cause of action against the defendant manager; thus, the defendant was fraudulently joined. *Id.* at *5.

The Court finds the facts of *Lester-Washington* and *Odom-Green* distinguishable from those present in this case. Unlike the situation in *Lester-Washington*, both Bremer and Springman are current managers of the O'Fallon Wal-Mart. While it is true that Bremer was not working at the time of Salah's injury, he was the store manager and had responsibility for the overall operation of the store. Moreover, Defendant Springman was the assistant manager on duty and present in the store when the alleged incident occurred. According to Defendant Bremer, Defendant Springman had responsibility for the day-to-day supervision of employees. Furthermore, while Defendant Bremer and Springman both state in their affidavits that safety policies and procedures are implemented at the corporate level, they also admit they supervise employees and will intervene if an employee is not following the trained safety procedures. And while Defendant Springman claims she did not hire the associates working in the area where Salah fell, she does not deny responsibility for directing or supervising these associates.

Construing the facts and law in a light most favorable to Salah, there is a reasonable possibility that an Illinois state court could rule against Bremer and/or Springman on Salah's negligence claims. While Defendants Bremer and Springman

cannot be held liable simply because of their managerial roles, they may be liable for breaching an independent duty. Thus, Defendants Bremer and Springman were not fraudulently joined, and the Court cannot disregard their Illinois citizenship. Because the parties are not diverse, this Court lacks subject matter jurisdiction.

## CONCLUSION

Accordingly, the Motion to Remand (Doc. 12) is **GRANTED**. This action is **REMANDED** to the Circuit Court of St. Clair County, Illinois, for lack of subject matter jurisdiction. Defendants' Motion to Dismiss Counts II and III (Doc. 5) is **DENIED as moot**.

**IT IS SO ORDERED.**

DATED: January 13, 2017

s/Nancy J. Rosenstengel_____
**NANCY J. ROSENSTENGEL
United States District Judge**